UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTOPHER SADOWSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:23-cv-01224-JRS-MKK |
| | ) |
| RESTORATION 1 by J & D, LLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| RESTORATION 1 by J & D, LLC, | ) |
| | ) |
| Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| E FORCE WEB, L.L.C., | ) |
| | ) |
| Third-Party Defendant. | ) |

**ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

Comes now Defendant, Restoration 1 by J & D, LLC d/b/a Restoration 1 of Greater Indianapolis ("Defendant"), by counsel, hereby files its responsive pleading to the First Amended Complaint ("Amended Complaint"), and states as follows:

I.
Answer

**THE PARTIES**

1. Plaintiff is an individual who is a citizen of the State of New Jersey residing in the State of New Jersey.

RESPONSE: Defendant is without sufficient information to admit or deny the material allegations of Rhetorical Paragraph 1 of the Amended Complaint.

2. Restoration 1 is a limited liability company organized and existing under the laws of the State of Indiana, with a principal place of business at 7146 W Stone Pass, New Palestine, IN 46163. Defendant's agent for service is Jason Pelcha, 7146 W Stone Pass, New Palestine, IN 46163.

RESPONSE: For answer to the material allegations of Rhetorical Paragraph 2 of the Amended Complaint, Defendant admits it is a limited liability company organized and existing under the laws of the State of Indiana, and Jason Pelcha is the registered agent of the entity as stated, and denies all remaining material allegations stated therein.

3. E Force Web is limited liability company organized and existing under the laws of the State of Arizona, with a principal place of business at 305 North Fraser Drive East, Mesa, AZ 85203. E Force Web's agent for service is Kennon Michael Petrini, 13802 N. Scottsdale Road, Suite 151-145, Scottsdale, AZ 85254.

RESPONSE: For answer to the material allegations of Rhetorical Paragraph 3 of the Amended Complaint, Defendant admits E Force Web is a duly organized and existing limited liability company in the State of Arizona with its principal place of business located 305 North Fraser Drive East, Mesa, Arizona 85203, and without sufficient information to admit or deny the remaining material allegations therein.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

RESPONSE: Defendant admits the material allegations of Rhetorical Paragraph 4 of the Amended Complaint.

5. This Court has personal jurisdiction over Defendants because they have maintained sufficient minimum contacts with Indiana such that the exercise of personal jurisdiction over them would not offend traditional notions of fair play and substantial justice.

RESPONSE: Defendant admits the material allegations of Rhetorical Paragraph 5 of the Amended Complaint.

6. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "A defendant in a copyright action 'may be found' in a district where he is subject to the district court's personal jurisdiction." Martino v. Orchard Enters., No. 20 C 2267, 2020 U.S. Dist. LEXIS 199687, at *18 (N.D. Ill. Oct. 27, 2020); see also Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991) ("Thus, if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.").

RESPONSE: Defendant admits the material allegations of Rhetorical Paragraph 6 of the Amended Complaint.

**FACTS**

I.   **Plaintiff's Business and History**

7.   Plaintiff is an award-winning photojournalist and is widely published in some of the world's most important newspapers and magazines, including but not limited to, the New York Post, Daily Mail Online, Reader's Digest, USA Today, New York Times, Fox

News, CBS News, NBC News, Boston Globe, Boston Herald, Los Angeles Times, Newsweek Magazine, and People Magazine.

RESPONSE: Defendant is without sufficient information to admit or deny the material allegations of Rhetorical Paragraph 7 of the Amended Complaint.

8. For the past nineteen (19) years, Plaintiff has been self-employed as a professional photographer who specializes in photo-documenting ordinary life and the human condition.

RESPONSE: Defendant is without sufficient information to admit or deny the material allegations of Rhetorical Paragraph 8 of the Amended Complaint.

9. Plaintiff travels throughout the New York, New Jersey and Connecticut tri-state area taking photographs that tell a story about tragedy, hope, calamity, joy, discord and renewal.

RESPONSE: Defendant is without sufficient information to admit or deny the material allegations of Rhetorical Paragraph 9 of the Amended Complaint.

10. Using state-of-the-art equipment, Plaintiff creates high-end photography licensed by some of the top publishers in this Country. When commissioned for a job, Plaintiff spends countless hours capturing hundreds of photographs and then processing those photographs to ensure they meet customers' requirements.

RESPONSE: Defendant is without sufficient information to admit or deny the material allegations of Rhetorical Paragraph 10 of the Amended Complaint.

11. Plaintiff maintains a commercial website (http://www.csnyphoto.com) which describes the photography services offered by Plaintiff, hosts a sample portfolio of photographs taken by Plaintiff, and invites prospective customers to contact Plaintiff to arrange for a professional photo shoot.

RESPONSE: Defendant is without sufficient information to admit or deny the material allegations of Rhetorical Paragraph 11 of the Amended Complaint.

12. Plaintiff owns the photographs and serves as the licensing agent with respect to licensing such photographs for limited use by Plaintiff's customers. To that end, Plaintiff's standard terms include a limited, one-time license for use of any particular photograph by the customer only. Plaintiff's license terms make clear that all copyright ownership remains with Plaintiff and that his customers are not permitted to transfer, assign, or sub-license any of Plaintiff's photographs to another person/entity.

RESPONSE: Defendant is without sufficient information to admit or deny the material allegations of Rhetorical Paragraph 12 of the Amended Complaint.

**II.     The Work at Issue in this Lawsuit**

13.     In 2020, Plaintiff created a professional photograph of Christmas lights (titled "010420christmastree20CS") (the "Work"). A copy of the Work is exhibited below:

[Image of alleged Work]

RESPONSE: Defendant is without sufficient information to admit or deny the material allegations of Rhetorical Paragraph 13 of the Amended Complaint.

14. The Work was registered by Plaintiff with the Register of Copyrights on March 31, 2020 and was assigned Registration No. VA 2-201-776. A true and correct copy of the Certification of Registration pertaining to the Work is attached hereto as Exhibit "A."

RESPONSE: Defendant is without sufficient information to admit or deny the material allegations of Rhetorical Paragraph 14 of the Amended Complaint.

15. Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

RESPONSE: Defendant is without sufficient information to admit or deny the material allegations of Rhetorical Paragraph 15 of the Amended Complaint.

### III.  Defendants' Unlawful Activities

16. Restoration 1 is a property damage restoration company in Indianapolis specializing in fire, water, and mold restoration.

RESPONSE: Defendant admits the material allegations of Rhetorical Paragraph 16 of the Amended Complaint.

17. Restoration 1 advertises/markets its business primarily through its website (https://www.restoration1indianapolis.com/), social media (e.g., https://www.facebook.com/Restoration1ofgreaterIndianapolis), and other forms of advertising.

RESPONSE: For answer to the material allegations of Rhetorical Paragraph 17 of the Amended Complaint, Defendant admits there is the stated website and Facebook page for purposes of advertising its services and is without sufficient information to admit or deny the remaining material allegations therein.

18. E Force Web is a corporation specializing in providing companies across every industry with quality inbound leads on a regional and national basis.

RESPONSE: For answer to the material allegations of Rhetorical Paragraph 18 of the Amended Complaint, Defendant admits E Force Web is a limited liability company business that provides, among other things, website design, search engine optimization, and pay per click services to businesses throughout the United States, and without sufficient information to admit or deny the remaining material allegations therein.

19. E Force Web advertises/markets its business through its website (https://www.eforceweb.com/), social media (e.g., https://www.facebook.com/eforcewebllc and https://www.instagram.com/eforcewebllc/), and other forms of advertising.

RESPONSE: For answer to the material allegations of Rhetorical Paragraph 19 of the Amended Complaint, Defendant is without sufficient information to admit or deny the material allegations therein.

20. At all times relevant hereto, Defendants maintained a contractual relationship whereby, upon information and belief, E Force Web controlled and maintained Restoration 1's website in connection with the marketing of Restoration 1's business.

RESPONSE: For answer to the material allegations of Rhetorical Paragraph 20 of the Amended Complaint, Defendant admits that at all times relevant to the allegations of the Amended Complaint, E Force Web maintained use and control of the website and the content posted on said website for purposes of Restoration 1's commercial business activities and is without sufficient information to admit or deny the remaining material allegations therein.

21. On November 30, 2021 (after Plaintiff's above-referenced copyright registration of the Work), Defendants displayed and/or published the Work on Restoration 1's website, webpage, and/or social media (at https://www.restoration1indianapolis.com/a-safety-guide-to-outdoor-christmas-lights):

[Alleged Work images]

RESPONSE: As to the material allegations of Rhetorical Paragraph 21 of the Amended Complaint directed at Defendant, Defendant denies the material allegations.  As to the material allegations of Rhetorical Paragraph 21 of the Amended Complaint directed at E Force Web, Defendant is without sufficient information to either admit or deny the material allegations therein.

22. A true and correct copy of screenshots from Restoration 1's website, webpage, and/or social media, displaying the copyrighted Work, is attached hereto as Exhibit "B."

RESPONSE: Defendant is without sufficient information to admit or deny the material allegations of Rhetorical Paragraph 22 of the Amended Complaint

23. Defendants are not and have never been licensed to use or display the Work. Defendants never contacted Plaintiff to seek permission to use the Work in connection with Restoration 1's website, webpage, and/or social media or for any other purpose.

RESPONSE: As to the material allegations of Rhetorical Paragraph 23 of the Amended Complaint directed at Defendant, Defendant is without sufficient information to either admit or deny the material allegations therein. As to the material allegations of Rhetorical Paragraph 23 of the Amended Complaint directed at E Force Web, Defendant is without sufficient information to either admit or deny the material allegations therein.

24. Defendants utilized the Work for commercial use.

RESPONSE: As to the material allegations of Rhetorical Paragraph 24 of the Amended Complaint directed at Defendant, Defendant denies the material allegations therein. As to the material allegations of Rhetorical Paragraph 24 of the Amended Complaint directed at E Force Web, Defendant is without sufficient information to either admit or deny the material allegations therein.

25. Upon information and belief, E Force Web and/or Restoration 1 located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

RESPONSE: As to the material allegations of Rhetorical Paragraph 25 of the Amended Complaint directed at Defendant, Defendant denies the material allegations therein. As to the

material allegations of Rhetorical Paragraph 25 of the Amended Complaint directed at E Force Web, Defendant is without sufficient information to either admit or deny the material allegations therein.

26. Through his ongoing diligent efforts to identify unauthorized use of his photographs, Plaintiff discovered Defendants' unauthorized use/display of the Work on December 6, 2022. Following Plaintiff's discovery, Plaintiff notified Defendants in writing of such unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable license for the past infringement of his Work.

RESPONSE: As to the material allegations of Rhetorical Paragraph 26 of the Amended Complaint directed at Defendant, Defendant is without sufficient information to either admit or deny the material allegations therein. As to the material allegations of Rhetorical Paragraph 26 of the Amended Complaint directed at E Force Web, Defendant is without sufficient information to either admit or deny the material allegations therein.

27. All conditions precedent to this action have been performed or have been waived.

RESPONSE: As to the material allegations of Rhetorical Paragraph 27 of the Amended Complaint directed at Defendant, Defendant denies the material allegations therein. As to the material allegations of Rhetorical Paragraph 27 of the Amended Complaint directed at E Force Web, Defendant is without sufficient information to either admit or deny the material allegations therein.

## **COUNT I – COPYRIGHT INFRINGEMENT**

**(E Force Web)**

28-42. As to each of the material allegations of Rhetorical Paragraphs 28 through 42 of the Count I of the Amended Complaint directed at E Force Web, Defendant is without sufficient information to either admit or deny the material allegations therein.[1]

## COUNT II – COPYRIGHT INFRINGEMENT

### (Restoration 1)

43. Plaintiff re-alleges and incorporates paragraphs 1 through 27 as set forth above.

RESPONSE: For answer to Rhetorical Paragraph 43 of Count II of the Amended Complaint, Defendant incorporates by reference as if reasserted herein its responses to Rhetorical Paragraph 1 through 27 set forth above.

44. Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 et seq.).

RESPONSE: For answer to Rhetorical Paragraph 44 of Count II of the Amended Complaint, Defendant is without sufficient information to either admit or deny the material allegations therein.

45. Plaintiff owns a valid copyright in each photograph comprising the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

---

[1] Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, a party must "admit or deny the allegations asserted against it by an opposing party." Count I of the Amended Complaint is directed against E Force Web and not Defendant.

RESPONSE: For answer to Rhetorical Paragraph 45 of Count II of the Amended Complaint, Defendant is without sufficient information to admit or deny the material allegations therein.

46. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Restoration 1 had access to the Work prior to his own reproduction, distribution, and public display of the Work on his website, webpage, and/or social media.

RESPONSE: For answer to Rhetorical Paragraph 46 of Count II of the Amended Complaint, Defendant denies the material allegations.

47. Restoration 1 reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

RESPONSE: For answer to Rhetorical Paragraph 47 of Count II of the Amended Complaint, Defendant denies the material allegations.

48. By its actions, Restoration 1 infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Restoration 1's infringement was either direct, vicarious, and/or contributory.

RESPONSE: For answer to Rhetorical Paragraph 48 of Count II of the Amended Complaint, Defendant denies the material allegations.

49. As the owner of the website in question and the entity/individual which retained E Force Web to design/control the website, Restoration 1 has the right and ability to control the infringing acts of E Force Web yet decline or failed to stop E Force Web from engaging in its infringing activity.

RESPONSE: For answer to Rhetorical Paragraph 49 of Count II of the Amended Complaint, Defendant denies the material allegations.

50. Restoration 1 obtained a direct financial benefit from its own and/or E Force Web's infringing activities.

RESPONSE: For answer to Rhetorical Paragraph 50 of Count II of the Amended Complaint, Defendant denies the material allegations.

51. Restoration 1's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website ("Restoration 1 Indianapolis © 2020-2022 All rights reserved."), indicating that Defendant understands the importance of copyright protection and intellectual property rights and is actually representing that it owns each of the photographs published on its website. See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness f ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage."); John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc., Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation…."). Restoration 1 clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

RESPONSE: For answer to the material allegations of Rhetorical Paragraph 51 of Count II of the Amended Complaint, Defendant denies the material allegations.

52. Plaintiff has been damaged as a direct and proximate result of Restoration 1's infringement.

RESPONSE: For answer to the material allegations of Rhetorical Paragraph 52 of Count II of the Amended Complaint, Defendant denies the material allegations.

53. Plaintiff is entitled to recover his actual damages resulting from Restoration 1's unauthorized use of the Work, and at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Restoration 1's profits from infringement of the Work, which amounts shall be proven at trial.

RESPONSE: For answer to the material allegations of Rhetorical Paragraph 53 of Count II of the Amended Complaint, Defendant denies the material allegations.

54. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 505, in such amount deemed proper by the Court.

RESPONSE: For answer to the material allegations of Rhetorical Paragraph 54 of Count II of the Amended Complaint, Defendant denies the material allegations.

55. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover his costs and attorneys' fees as a result of Restoration 1's conduct.

RESPONSE: For answer to the material allegations of Rhetorical Paragraph 55 of Count II of the Amended Complaint, Defendant denies the material allegations.

56. Restoration 1's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no

adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

RESPONSE: For answer to the material allegations of Rhetorical Paragraph 56 of Count II of the Amended Complaint, Defendant denies the material allegations.

WHEREFORE, Defendant prays for judgment in its favor and against Plaintiff as to the allegations and claims of the Amended Complaint and for all other just and proper relief in the premises.

## II.
## Affirmative Defenses

Comes now the Defendant, by counsel, and for its Affirmative Defenses to the Amended Complaint, states:

1. The Amended Complaint fails to state a claim upon which relief may be granted.

2. The Amended Complaint is barred as any use of the alleged images or Work (as therein defined) was not an infringement based upon the Fair Use Doctrine.

3. The alleged copyright(s) are invalid and/or unenforceable.

4. The alleged copyright(s) are invalid and/or unenforceable as the alleged copyrights are in the public domain.

5. The alleged infringement is de minimis and not compensable.

6. The Amended Complaint is barred in whole or in part against Defendant because any alleged actions that may ultimately be shown to be infringement of a copyright was committed in good faith, innocently, and without knowledge that the products and/or works were infringing.

7. The Amended Complaint is barred, in whole or in part, by the doctrine of unclean hands and/or estoppel.

8. The Amended Complaint against Defendant is barred, in whole or in part, by the doctrine of laches.

9. The Amended Complaint against Defendant is barred in whole or in part, as Plaintiff has acquiesced in any alleged copyright infringement by Defendant.

10. Defendant's acts or omissions were privileged and/or justified by, including but not limited to, the First Amendment of the United States Constitution.

11. The Amended Complaint against is Defendant is barred, in whole or in part, by the economic loss rule.

12. The Amended Complaint seeks to recover damages that are completely speculative in nature.

13. No act or omission of Defendant is a substantial factor in bringing about the damages alleged, nor was any act or omission of Defendant a contributing cause thereof.

14. Any alleged acts or omissions by Defendant was superseded by the acts or omissions of others, including Plaintiff or E Force Web, or third parties not otherwise named in the Amended Complaint, which were independent, intervening, and proximate cause of the damage or loss allegedly sustained by Plaintiff.

15. Plaintiff failed to take reasonable steps to mitigate, alter, reduce, or otherwise diminish his alleged damages, and accordingly, is barred from recovery of any damages from Defendant that might have been prevented by such mitigation.

16. The Amended Complaint is barred, in whole or in part, as Plaintiff lacks standing to bring an action.

17. The Amended Complaint is barred, in whole or in part, by the statute of limitations.

18. The Amended Complaint against Defendant is barred, in whole or in part, by the Third-Party Complaint of Defendant against E Force Web.

19. Defendant reserves the right to assert additional affirmative defenses that are appropriate as discovery has yet to commence.

WHEREFORE, Defendant prays for judgment in its favor and against Plaintiff as to the allegations and claims of the Amended Complaint and for all other just and proper relief in the premises.

Respectfully submitted,

WILLIAMS BARRETT & WILKOWSKI, LLP

*/s/Daniel J. Layden*
Daniel J. Layden (#22443-79)
Attorney for Defendant/Third-Party Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on March 23, 2024, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system or United States Mail, postage prepaid, as applicable. Parties may access this filing through the Court's system.

Christopher Sadowski
c/o Michael A. Swift
Maginot, Moore & Beck, LLP
maswift@maginot.com

E Force Web, LLC
c/o Registered Agent, Kennon Petrini
13802 North Scottsdale Road
Suite 151-145
Scottsdale, AZ 85254

*/s/Daniel J. Layden*
Daniel J. Layden